IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RONNIE DWAYNE SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-00422-JFH-CDL |
| | ) |
| **BRET BOWLING, in his** | ) |
| **Official Capacity, et. al.** | ) |

**PLAINTIFF RONNIE DEWAYNE SMITH'S**
**<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

Plaintiff, Ronnie Dwayne Smith, by and through his attorneys, Clark O. Brewster, Guy A. Fortney and Katie Arnold McDaniel, of BREWSTER & DE ANGELIS, PLLC, submits this *Notice of Supplemental Authority* to the Court regarding the Tenth Circuit's decision in *Tanner v. McMurray*, 989 F.3d 860 (10th Cir. 2021) (A copy of the case is attached hereto as Exhibit "A") Plaintiff states as follows:

1. On August 21, 2020, Plaintiff filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Defendant Brett Bowling in his official capacity as Sheriff of Creek County, Oklahoma; Defendant Jail Administrator Cody Smith; Defendant Turn Key Health Clinics, LLC ("Defendant Turn Key"), a private multi-state, for-profit corporation organized to provide medical care in correctional facilities; and individual medical providers employed by Defendant Turn Key – Defendants Kerri Janes, RN, Angel Bass, LPN, and Jyoti Pandey, FNP. Doc. No. 2.

2. Defendant Turn Key and the individual Defendant Turn Key employees moved to dismiss Plaintiff's Complaint. Plaintiff filed responses in objection to the motions. Defendants Turn Key, Janes, Bass, and Pandey submitted replies.

    a. On September 21, 2020, Defendant Turn Key filed *Defendant Turn Key*

1

*Health Clinic, LLC's Motion to Dismiss Plaintiff's Complaint and Brief in Support.* Doc. No. 10. On October 12, 2020, Plaintiff filed his *Response in Objection to Defendant Turn Key Health Clinic, LLC's Motion to Dismiss Plaintiff's Complaint.* Doc. No. 22. On October 26, 2020, Defendant Turn Key filed its *Reply to Plaintiff's Response to Defendant's Motion to Dismiss.* Doc. 26.

      b.      On September 25, 2020, Defendant Janes filed her *Motion to Dismiss Plaintiff's Complaint and Brief in Support.* Doc. No. 16. On October 16, 2020, Plaintiff filed his *Response in Objection to Defendant Janes' Motion to Dismiss Plaintiff's Complaint.* Doc. No. 23. On October 30, 2020, Defendant Janes filed her *Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint.* Doc. No. 27.

      c.      On September 30, 2020, Defendant Bass filed her *Motion to Dismiss Plaintiff's Complaint and Brief in Support.* Doc. No. 19. On October 21, 2020, Plaintiff filed his *Response in Objection to Defendant Nurse Bass' Motion to Dismiss Plaintiff's Complaint.* Doc. No. 24. On November 4, 2020, Defendant Bass filed her *Reply to Plaintiff's Response to Her Motion to Dismiss Plaintiff's Complaint.* Doc. 28.

      d.      On October 2, 2020, Defendant Pandey filed her *Motion to Dismiss Plaintiff's Complaint and Brief in Support.* Doc. No. 21. On October 23, 2020, Plaintiff filed his *Response in Objection to Defendant Nurse Practitioner Pandey's Motion to Dismiss Plaintiff's Complaint.* Doc. No. 25. On November 11, 2020, Defendant Pandey filed her *Reply to Plaintiff's Response to Her Motion to Dismiss Plaintiff's Complaint.* Doc. 29.

3.      Defendants Janes, Bass, and Pandey each argued in their motions to dismiss that

they were entitled to qualified immunity pursuant to *Tanner v. McMurray*, 429 F. Supp. 3d. 1047, 1204-05 (D.N.M. 2019), because they were medical professionals working for a private contractor in a public detention center.

4.     On March 2, 2021, the Tenth Circuit reversed the district court in *Tanner v. McMurray*, 429 F. Supp. 3d. 1047, 1204-05 (D.N.M. 2019). *See Tanner v. McMurray*, 989 F.3d 860 (10th Cir. 2021). The Court held:

> Neither historical justifications of special government immunity nor modern policy considerations support the extension of a qualified immunity defense to . . . private medical professionals employed full-time by a multi-state, for-profit corporation systematically organized to provide medical care in correctional facilities.

*Id.* at 874.

For the reasons set forth herein, and the prior briefs by all parties, Defendant Turn Key's employees Janes, Bass, and Pandey are not entitled to qualified immunity and the pending Motions to Dismiss (Doc. Nos. 10, 16, 19, and 21) must be denied.

                                      Respectfully submitted,

By: */s/ Katie A. McDaniel*
     Clark O. Brewster, OBA #1114
     Guy A. Fortney, OBA #17027
     Katie A. McDaniel, OBA #32345
     BREWSTER & DE ANGELIS
     2617 E. 21st
     Tulsa, Oklahoma 74114
     (918) 742-2021
     *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify October 25, 2022, I electronically transmitted the foregoing document using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

                   */s/ Katie A. McDaniel*
                   Katie A. McDaniel